# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., ) | |
| SAESAL REDMOND, ) | |
| ) | |
| Petitioner, ) | No. 05 C 0083 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| JOHN CHAMBERS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Saesal Redmond, seeks a certificate of appealability following the denial of his petition for writ of *habeas corpus*. Redmond's petition raised several grounds for relief: (1) his inculpatory statements were coerced and involuntary, and their admission at trial violated his Fourth Amendment due process and equal protection rights; (2) the statements and discovery of the handgun were products of an illegal search and seizure; (3) his warrantless arrest and subsequent statements were illegally premised on the discovery of a handgun during a search of his residence; (4) ineffective assistance of trial counsel for failing to call several disinterested alibi witnesses; and (5) ineffective assistance of appellate counsel for failing to raise issue four in his petition for leave to appeal.

Seventh Circuit Rule 22(b) states: "In a habeas corpus proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of

appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue...."

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is... The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*Slack*). If a *habeas* petition is denied on procedural grounds, "a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 485.

On September 28, 2005, this Court considered Redmond's petition. The Court denied Redmond's claim on the merits as to the alleged illegal seizure and arrest, finding that Redmond clearly had an opportunity to inform the state trial court of the factual basis of his claim and that he clearly argued those facts. Redmond also presented the facts and argument before the Appellate Court and Illinois Supreme Court. While Redmond disagreed with the trial court's and the Appellate Court's conclusions, the state courts thoroughly and carefully reviewed the facts and applied the proper constitutional law to those facts. *See Hampton v. Wyant*, 296 F.3d 560, 563 (2002) (an error, no matter how obvious, matters only in conjunction with other circumstances that imply refusal by

the state courts to take seriously its obligation to adjudicate Fourth Amendment claims). Redmond has failed to show that the Court's finding was debatable or wrong.

Redmond's claim that his statements were not voluntary was also addressed on the merits. The Court denied Redmond's claim, finding that the state courts applied the proper test for voluntariness of Redmond's confession and the state courts' determinations that Redmond's statements were voluntary were reasonable. *See Hardaway v. Young*, 302 F.3d 757, 767-68 (7th Cir. 2002) (*Hardaway*) (reversing district court's grant of *habeas* petition because the balance of factors regarding whether confession was voluntary was close enough that the state courts' decisions were reasonable). Redmond has failed to show that the Court's finding was debatable or wrong.

Lastly, the Court found that Redmond's ineffective assistance of counsel claims were procedurally defaulted because Redmond failed to present his claims in each appropriate state court. Furthermore, Redmond failed to demonstrate "cause" to avoid his procedural default. It is not debatable that Redmond failed to present his claims in each appropriate state court. Furthermore, jurists of reason would not find it debatable whether the Court was correct in finding that Redmond did not establish cause to excuse this procedural default.

For the reasons stated above, Redmond's application for a certificate of appealability is denied.

Dated: 11-9-05

JOHN W. DARRAH
United States District Judge